**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CROWLEY MARITIME CORPORATION,

      Plaintiff,

                             Case No. 3:15-cv-1479-J-34MCR

vs.

CR QUALITY ROOFING OF PR, INC.,

      Defendant.

                                      /

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated the instant action on December 15, 2015, by filing a two-count Complaint (Doc. 1).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  See id.  Here, Count II of the Complaint "repeats and realleges each and every allegation" set forth in Count I.  See Complaint at 4.

    In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable."  Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun

pleadings, none of which is favorable.") (collecting cases).   As the Court in <u>Cramer</u>

recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an

intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery,

and impose unwarranted expense on the litigants, the court and the court's parajudicial

personnel and resources."  <u>Cramer</u>, 117 F.3d at 1263.  When faced with the burden of

deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its

own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal

Rules of Civil Procedure.  <u>See id.</u> (admonishing district court for not striking shotgun

complaint on its own initiative); <u>see also United States ex rel. Atkins v. McInteer</u>, 470 F.3d

1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court,

whether or not requested to do so by a party's adversary, ought to require the party to file

a repleader.") (citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (11th Cir. 2001), <u>abrogated on</u>

<u>other grounds as recognized by</u> <u>Douglas Asphalt Co. v. QORE, Inc.</u>, 657 F.3d 1146, 1151

(11th Cir. 2011)).

Accordingly, it is hereby

**ORDERED**:

1.      The Complaint (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file an amended complaint consistent with the directives of this

        Order on or before **January 8, 2016**.  Failure to do so may result in a

        dismissal of this action.

3.      Defendant shall respond to the amended complaint in accordance with the

requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on December 17, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties